## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

---

|  |  |
|---|---|
| REGIS MURPHY, individually and on behalf of all others similarly situated, | : Case No.: _____ |
|  | : |
|  | : |
| *Plaintiff*, | : |
|  | : |
| v. | : |
|  | : |
| THE AUTO CLUB GROUP and UNIFY HR, | : |
|  | : |
| *Defendants*. | : |
|  | : |

---

## CLASS ACTION COMPLAINT

Plaintiff Regis Murphy ("Plaintiff"), by and through his undersigned attorneys, on behalf of himself and all others similarly situated, alleges as follows:

## I.   INTRODUCTION

1.      Plaintiff brings this Class Action Complaint against The Auto Club Group and Unify HR ("Defendants"), for violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), by failing to provide Plaintiff and similarly situated persons with a timely and compliant COBRA notice.

2.      The failure to provide a timely and compliant COBRA notice misled Plaintiff and similarly situated persons and caused Plaintiff and those similarly

situated economic injuries in the form of lost health insurance and unpaid medical bills, as well as informational injuries.

3.　　Defendants are the plan sponsor and/or plan administrator of certain group employee benefit plans including The Auto Club Group Benefit Plan, The Auto Club Group Medical Care Plan, The Auto Club Group Vision Care Plan, The Auto Club Group Dental Plan, The Auto Club Group Long-Term Disability Plan, and The Auto Club Group Critical Illness Plan (collectively, the "Plans") and/or similar employer-sponsored health and welfare plans that provided medical insurance for certain of Defendants' employees, including Plaintiff, during the proposed Class Period.

4.　　Defendants have repeatedly violated ERISA by failing to timely provide participants and beneficiaries in the Plans with adequate notice, as prescribed by COBRA, of their right to continue their health coverage upon the occurrence of a "qualifying event" as defined by the statute.

5.　　Defendants' failures to provide any COBRA notification deprived Plaintiff and similarly situated persons the opportunity to make an informed decision about the healthcare options for themselves and their families.

6.　　During Plaintiff's tenure of employment by Defendants, Plaintiff received employer-sponsored health insurance coverage and benefits from Blue Cross BlueShield/Blue Cross BlueShield Michigan.

7.     Plaintiff experienced a qualifying event under COBRA. Specifically, Plaintiff's employment with Defendant The Auto Club Group was terminated on May 16, 2023, and his health insurance coverage ended on May 31, 2023, however, Defendants did not provide Plaintiff with a COBRA Continuation Coverage Election Notice (the "Notice") until February 1, 2024 – more than eight months after Plaintiff's COBRA qualifying event – making the Notice approximately 217 days late. A copy of the Notice is attached hereto as Exhibit A.

8.     Moreover, the Notice failed to comply with COBRA's requirements. Specifically, Defendants, as the sponsor and/or administrator of group health plans, were required by 29 C.F.R. § 2590.606–4(b)(4) to provide Plaintiff and similarly situated persons written notice of the right to elect continuation coverage containing the following information:

- The name of the plan and the name, address, and telephone number of the plan's COBRA administrator;

- Identification of the qualifying event;

- Identification of the qualified beneficiaries (by name or by status);

- An explanation of the qualified beneficiaries' right to elect continuation coverage;

- The date coverage will terminate (or has terminated) if continuation coverage is not elected;

- How to elect continuation coverage;

- What would happen if continuation coverage is not elected or is waived;

- What continuation coverage is available, for how long, and (if it is for less than 36 months), how it can be extended for disability or second qualifying events;

- How continuation coverage might terminate early;

- Premium payment requirements, including due dates and grace periods;

- A description of the amount, if any, that each qualified beneficiary will be required to pay for continuation coverage;

- A statement of the importance of keeping the plan administrator informed of the addresses of qualified beneficiaries; and

- A statement that the election notice does not fully describe COBRA or the plan and that more information is available from the plan administrator and in the SPD.

9.      In this case, the Notice did not provide a description of the amount, if any, that Plaintiff would be required to pay for continuation coverage. Thus, Plaintiff and similarly situated persons did not receive any of the information concerning the continuation of their health benefits required by 29 C.F.R. § 2590.606–4(b)(4).

10.     According to a Congressional research service study, "[The] average claim costs for COBRA beneficiaries exceeded the average claim for an active

employee by 53%. The average annual health insurance cost per active employee was $7,190, and the COBRA cost was $10,988.14. The Spencer & Associates analysts conclude that this indicates that the COBRA population is sicker than active-covered employees and that the 2% administrative fee allowed in the law is insufficient to offset the difference in actual claims costs." Health Insurance Continuation Coverage Under COBRA, Congressional Research Service, Janet Kinzer, July 11, 2013.

11.    As a result of these violations, which threaten Class Members' ability to maintain their health insurance coverage, Plaintiff seeks statutory penalties, injunctive relief, attorneys' fees, costs and expenses, and other appropriate relief as set forth herein and provided by law.

## II.    JURISDICTION AND VENUE

12.    This Court has exclusive jurisdiction over the subject matter of this action under 29 U.S.C. §1132(e) and (f) and also pursuant to 28 U.S.C. § 1331 and 1355.

13.    This Court has personal jurisdiction over Defendants because they transact business in this District, and/or have significant contacts with this District, and because ERISA provides for nationwide service of process.

14.    This District is the proper venue for this action under 29 U.S.C. § 1132(e)(2) because it is the District in which at least one of the alleged statutory

violations took place, and where Defendant The Auto Club Group maintains its principal place of business.

15.    Plaintiff is a former employee of Defendant The Auto Club Group and was covered based on Plaintiff's health plans through Defendant. Plaintiff was thus a participant/beneficiary in the Plans before Plaintiff's termination on May 16, 2023, which constituted a qualifying event within the meaning of 29 U.S.C. § 1163(2), rendering Plaintiff a qualified beneficiary of the Plans pursuant to 29 U.S.C. § 1167(3). Plaintiff was not terminated for gross misconduct.

## III.    THE PARTIES

### A.    Plaintiff

16.    Plaintiff Regis Murphy, a citizen and resident of Marion, Iowa, was employed by Defendant The Auto Club Group as a Field Representative, Automotive Services, from June 2021 to May 16, 2023. Plaintiff has resided at the same address at all times relevant to this case.

### B.    Defendants

17.    Defendant The Auto Club Group is the sponsor of the Plans, and it maintains its principal place of business at 1 Auto Club Drive, Dearborn, Michigan 48126.

18.    Defendant Unify HR, a subsidiary of WEX Inc., is an employee benefits administration and compliance services company that administers COBRA

compliance for the Plans, and maintains its principal place of business in Boston, Massachusetts.

## IV.   **FACTUAL ALLEGATIONS**

### A.   **COBRA Notice Requirements**

19.     The COBRA amendments to ERISA include certain provisions relating to continuation of health coverage upon termination of employment or another "qualifying event" as defined by the statute.

20.     Among other things, COBRA requires the plan sponsor of each group health plan normally employing more than 20 employees on a typical business day during the preceding year to provide "each qualified beneficiary who would lose coverage under the plan as a result of a qualifying event … to elect, within the election period, continuation coverage under the plan." 29 U.S.C. § 1161. (Emphasis added).

21.     Notice is of critical importance. The COBRA notification requirement exists because employees are not expected to know about their right to continue their healthcare coverage. Such notice is not only required to be delivered to covered employees but also to qualifying beneficiaries.

22.     COBRA further requires the administrator of such a group health plan to provide notice to any qualified beneficiary of their continuation of coverage rights under COBRA upon the occurrence of a qualifying event. 29 U.S.C. § 1166(a)(4).

7

This notice must be "[i]n accordance with the regulations prescribed by the Secretary" of Labor. 29 U.S.C. § 1166(a).

23.    The relevant regulations prescribed by the Secretary of Labor concerning notice of continuation of coverage rights are set forth in 29 C.F.R. § 2590.606-4(b), as follows:

> (4) The notice required by this paragraph (b) shall be written in a manner calculated to be understood by the average plan participant and shall contain the following information:
>
> (i) The name of the plan under which continuation coverage is available; and the name, address and telephone number of the party responsible under the plan for the administration of continuation coverage benefits;
>
> (ii) Identification of the qualifying event;
>
> (iii) Identification, by status or name, of the qualified beneficiaries who are recognized by the plan as being entitled to elect continuation coverage with respect to the qualifying event, and the date on which coverage under the plan will terminate (or has terminated) unless continuation coverage is elected;
>
> (iv) A statement that each individual who is a qualified beneficiary with respect to the qualifying event has an independent right to elect continuation coverage, that a covered employee or a qualified beneficiary who is the spouse of the covered employee (or was the spouse of the covered employee on the day before the qualifying event occurred) may elect continuation coverage on behalf of all other qualified beneficiaries with respect to the qualifying event, and that a parent or legal guardian may elect continuation coverage on behalf of a minor child;
>
> (v) An explanation of the plan's procedures for electing continuation coverage, including an explanation of the time

period during which the election must be made, and the date by which the election must be made;

(vi) An explanation of the consequences of failing to elect or waiving continuation coverage, including an explanation that a qualified beneficiary's decision whether to elect continuation coverage will affect the future rights of qualified beneficiaries to portability of group health coverage, guaranteed access to individual health coverage, and special enrollment under part 7 of title I of the Act, with a reference to where a qualified beneficiary may obtain additional information about such rights; and a description of the plan's procedures for revoking a waiver of the right to continuation coverage before the date by which the election must be made;

(vii) A description of the continuation coverage that will be made available under the plan, if elected, including the date on which such coverage will commence, either by providing a description of the coverage or by reference to the plan's summary plan description;

(viii) An explanation of the maximum period for which continuation coverage will be available under the plan, if elected; an explanation of the continuation coverage termination date; and an explanation of any events that might cause continuation coverage to be terminated earlier than the end of the maximum period;

(ix) A description of the circumstances (if any) under which the maximum period of continuation coverage may be extended due either to the occurrence of a second qualifying event or a determination by the Social Security Administration, under title II or XVI of the Social Security Act (42 U.S.C. 401 *et seq.* or 1381 *et seq.*) (SSA), that the qualified beneficiary is disabled, and the length of any such extension;

(x) In the case of a notice that offers continuation coverage with a maximum duration of less than 36 months, a description of the plan's requirements regarding the responsibility of qualified beneficiaries to provide notice of a second qualifying

9

event and notice of a disability determination under the SSA, along with a description of the plan's procedures for providing such notices, including the times within which such notices must be provided and the consequences of failing to provide such notices. The notice shall also explain the responsibility of qualified beneficiaries to provide notice that a disabled qualified beneficiary has subsequently been determined to no longer be disabled;

(xi) A description of the amount, if any, that each qualified beneficiary will be required to pay for continuation coverage;

(xii) A description of the due dates for payments, the qualified beneficiaries' right to pay on a monthly basis, the grace periods for payment, the address to which payments should be sent, and the consequences of delayed payment and non-payment;

(xiii) An explanation of the importance of keeping the administrator informed of the current addresses of all participants or beneficiaries under the plan who are or may become qualified beneficiaries; and

(xiv) A statement that the notice does not fully describe continuation coverage or other rights under the plan, and that more complete information regarding such rights is available in the plan's summary plan description or from the plan administrator.

24.     To facilitate compliance with these notice obligations, the U.S. Department of Labor ("DOL") has issued a Model COBRA Continuation Coverage Election Notice ("Model Notice"), which is included in the Appendix to 29 C.F.R. § 2590.606-4. The DOL website states that the DOL "will consider use of the model election notice, appropriately completed, good faith compliance with the election notice content requirements of COBRA." A copy of the Model Election Notice is

attached hereto as Exhibit B.

25.     In the event that a plan administrator declines to use the Model Notice and fails to meet the notice requirements of 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606-4, the administrator is subject to statutory penalties of up to $110 per participant or beneficiary per day from the date of such failure. 29 U.S.C. § 1132(c)(1).

26.     In addition, the Court may order such other relief as it deems proper, including but not limited to injunctive relief pursuant to 29 U.S.C. § 1132(a)(3) and payment of attorneys' fees and expenses pursuant to 29 U.S.C. § 1132(g)(1). Such is the case here. Defendants failed to use the Model Notice and failed to meet the notice requirements of 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606-4, as set forth below.

**B.     Defendants Have Failed to Comply with COBRA**

27.     Defendants' failure to provide a timely and compliant COBRA notice caused Plaintiff an informational injury when Defendants failed to provide him with information to which he was entitled by statute, namely a compliant COBRA election notice containing all information required by 29 C.F.R. § 2590.606-4(b)(4) and 29 U.S.C. § 1166(a).

28.     Through ERISA and then COBRA, Congress created a right—the right to receive the required COBRA election notice—and an injury—not receiving a

proper election notice with information required by 29 C.F.R. § 2590.606-4(b)(4) and 29 U.S.C. § 1166(a).

29.     Defendants injured Plaintiff and the class members Plaintiff seeks to represent by failing to provide all information in its notice required by COBRA.

30.     In addition to Plaintiff's informational injury, Plaintiff also suffered a tangible injury in the form of economic loss, specifically the loss of insurance coverage and incurred medical bills, due to Defendants' failure to provide Plaintiff a COBRA election notice.

31.     Besides a paycheck, health insurance is one of the most valuable things employees get in exchange for working for an employer like Defendants. Insurance coverage has a monetary value, the loss of which is tangible and an economic harm.

32.     In violation of 29 C.F.R. § 2590.606-4(b)(4), Defendants failed to timely provide any COBRA notice after Plaintiff's termination of employment on May 16, 2023, let alone one that complied with the requirements of 29 C.F.R. § 2590.606-4(b)(4).

33.     In fact, Defendants were over seven months late in providing their deficient COBRA notice to Plaintiff because they did not send it to him until February 2024 even though his coverage ended May 31, 2023 due to his qualifying event on May 16, 2023.

34.     Besides the untimeliness, Defendants' failure to provide Plaintiff a

compliant COBRA notice resulted in Plaintiff's inability to make an informed decision as to electing COBRA continuation health insurance coverage.

35.    When Defendants finally provided Plaintiff with a COBRA notice, they provided a deficient notice that did not comply with 29 C.F.R. § 2590.606-4(b).

36.    As a result of the deficient notice, Plaintiff was confused and did not elect COBRA continuation coverage. Specifically, Plaintiff did not enroll in the continuation coverage made available to him, in part, on omission from Defendants' COBRA notice of the amount, if any, that Plaintiff would be required to pay for continuation coverage as required by 29 C.F.R. § 2590.606–4(b)(4).

37.    Plaintiff was unable to elect COBRA, in part, because of Defendants' failure to provide a sufficient COBRA notice and, as a result, Plaintiff lost health insurance coverage and incurred medical expenses.

38.    In fact, during the approximate seven-month gap until he received the deficient notice and was without health insurance, Plaintiff incurred medical bills. Specifically, Plaintiff incurred two separate medical bills. He received the first on June 5th and another on July 12th, 2023.

39.    Worse still, Plaintiff's medical providers threatened to send his medical bills to collections in November 2023 (still three months prior to Defendants ever getting around to sending him the deficient COBRA notice) such that Plaintiff faced further costs of expenses related to the collections process and any late fees.

13

V.   **CLASS ALLEGATIONS**

40.   Plaintiff brings this action as a class action pursuant to the Federal

Rules of Civil Procedure on behalf of the following persons:

> All participants and beneficiaries in the Plans who were not provided
> with a timely and compliant COBRA Continuation Coverage Election
> Notice by Defendants as a result of a qualifying event that occurred
> within the applicable statute of limitations period, as determined by
> Defendants' records, and did not elect continuation coverage.

41.   No administrative remedies exist as a prerequisite to Plaintiff's claims

on behalf of the Putative Class. As such, any efforts related to exhausting such non-

existent remedies would be futile.

42.   Numerosity: The Class is so numerous that joinder of all Class members

is impracticable. On information and belief more than one thousand individuals

participated in the Plans during the applicable statute of limitations period prior to

the filing of this lawsuit, and more than 40 of those participants satisfy the definition

of the Class.

43.   Typicality: Plaintiff's claims are typical of the Class. Defendants failed

to provide Plaintiff a timely and compliant COBRA notice, and therefore Plaintiff's

claims are typical of all Class Members who did not receive a timely COBRA notice

after a qualifying event and/or received a deficient COBRA notice that did not

comply with the requirements of 29 C.F.R. § 2590.606-4(b)(4).

44.   Adequacy: Plaintiff will fairly and adequately protect the interests of

the Class members, Plaintiff has no interests antagonistic to the Class, and has retained counsel experienced in complex class action litigation.

45.   <u>Commonality</u>: Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

- Whether the Plans are group health plans within the meaning of 29 U.S.C. § 1167(1).

- Whether Defendants' form of COBRA notice complied with the requirements of 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4;

- Whether statutory penalties should be imposed against Defendants under 29 U.S.C. § 1132(c)(1) for failing to comply with COBRA notice requirements, and if so, in what amount;

- The appropriateness and proper form of any injunctive relief or other equitable relief pursuant to 29 U.S.C. § 1132(a)(3); and

- Whether (and the extent to which) other relief should be granted based on Defendants' failure to comply with COBRA notice requirements.

46.   Class Members do not have an interest in pursuing separate individual actions against Defendants, as the amount of each Class Member's individual claims is relatively small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that

might result in inconsistent judgments concerning Defendants' practices and the adequacy of its COBRA notice. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class Members' claims in a single action.

47.     Plaintiff intends to send notice to all Class Members to the extent required under the Federal Rules of Civil Procedure. The names and addresses of the Class Members are available from Defendants' business records.

**CLAIM FOR RELIEF**
**Violation of 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4**

48.     Plaintiff re-alleges and incorporates herein by reference all prior allegations in this Complaint as if fully set forth herein.

49.     The Plans are group health plans within the meaning of 29 U.S.C. § 1167(1).

50.     Defendants are the plan sponsor and plan administrator of the Plans and were subject to the continuation of coverage and notice requirements of COBRA.

51.     Plaintiff and the other members of the Class experienced a "qualifying event" as defined by 29 U.S.C. § 1163, and Defendants were aware that they had experienced such a qualifying event.

52.     Defendants failed to send Plaintiff and the Class a COBRA notice within the statutory time limit after the occurrence of each such qualifying event.

16

53.     The COBRA notice that Defendants sent, if any, violated 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4.

54.     These violations were material and willful.

55.     Defendants knew that their failure to provide COBRA notice was inconsistent with the requirements of 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4, but they chose to act and/or failed to act in deliberate or reckless disregard of the rights of Plaintiff and other Class Members.

56.     Defendants' conduct, as alleged herein, resulted in concrete informational and economic harm to Plaintiff and the Class.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendants on all claims and requests that the Court awards the following relief:

A.     Designation of Plaintiff as a Class Representative and designation of Plaintiff's counsel as Class Counsel;

B.     A determination that this action may proceed as a class action under Rule 23(b)(1), or in the alternative, Fed. R. Civ. P. 23(b)(2);

C.     Ordering Defendants to issue notice to the Class at Defendants' expense;

D.     Declaring that Defendants violated 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4 by failing to send Plaintiff and the Class a compliant COBRA notice;

E.     Awarding statutory penalties to the Class pursuant to 29 U.S.C. § 1132(c)(1) and 29 C.F.R. § 2575.502c-1 in the amount of $110 per day for each Class Member who was not sent a compliant COBRA notice by Defendants;

F.     Awarding appropriate equitable relief pursuant to 29 U.S.C. § 1132(a)(3), including but not limited to an order enjoining Defendants from any further violations of its COBRA responsibilities, obligations, and duties;

G.     Other equitable relief to redress Defendants' violations of COBRA;

H.     An award of pre-judgment interest;

I.     Awarding costs pursuant to 29 U.S.C. § 1132(g);

J.     Awarding attorneys' fees pursuant to 29 U.S.C. § 1132(g) and the common fund doctrine; and

K.     Granting such other and further relief, in law or equity, as the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself and the Class, demands a trial by jury on all issues so triable.

Dated: May 1, 2024                Respectfully submitted,

                                  */s/ David Fink*
                                  David Fink (P28235)
                                  Nathan Fink (P75185)
                                  **FINK BRESSACK PLLC**
                                  38500 Woodward Avenue; Suite 350
                                  Bloomfield Hills, MI 48304
                                  Phone: (248) 971-2500
                                  Email: dfink@finkbressack.com
                                  Email: nfink@finkbressack.com

                                  Eric Lechtzin (Fed. Bar ID 62096PA)
                                  Marc Edelson (Fed. Bar ID 51834PA)
                                  **EDELSON LECHTZIN LLP**
                                  411 S. State Street, Suite N-300
                                  Newtown, PA 18940
                                  Phone: (215) 867-2399
                                  elechtzin@edelson-law.com
                                  medelson@edelson-law.com

                                  Brandon J. Hill
                                  **WENZEL FENTON CABASSA, P.A.**
                                  1110 N. Florida Avenue
                                  Tampa, Florida 33602
                                  Phone: (813) 223-5505
                                  bhill@wfclaw.com

                                  *Counsel for Plaintiff and the Proposed Class*