**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| REGIS MURPHY, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>THE AUTO CLUB GROUP and UNIFY HR,<br><br>*Defendants.* | Case No. 5:24-cv-11168-JEL-CI<br><br>Hon. Judith Ellen Levy<br><br>Magistrate Judge Curtis Ivy, Jr. |

**THE AUTO CLUB GROUP'S ANSWER TO**
**PLAINTIFFS' CLASS ACTION COMPLAINT**

Defendant The Auto Club Group ("ACG") answers Plaintiff's Class Action Complaint (the "Complaint") as follows:

**GENERAL INFORMATION**

Plaintiff's Complaint includes lettered and numbered headings that purport to characterize certain actions or events. Because these headings are not set forth in numbered paragraphs, they are not properly pled facts, no response is necessary, and any such inappropriate material should be stricken. Plaintiff's headings are repeated below solely for organizational purposes. If a response to these headings is necessary, ACG specifically denies, and does not adopt, the allegations and characterizations set forth in the Complaint's headings.

ACG expressly reserves the right to amend and/or supplement this Answer as may be necessary.

**I.    INTRODUCTION**

1. ACG admits that Plaintiff purports to bring a class action under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus

1

Budget Reconciliation Act of 1985 ("COBRA") but denies that a class exists or that class certification is proper. ACG denies the remaining allegations contained in Paragraph 1 of the Complaint.

2. Paragraph 2 asserts legal conclusions that do not require a response. To the extent a response is required, ACG denies the allegations contained in Paragraph 2 of the Complaint.

3. Paragraph 3 asserts legal conclusions that do not require a response. To the extent a response is required, ACG denies the allegations contained in Paragraph 3 of the Complaint as written.

4. Paragraph 4 asserts legal conclusions that do not require a response. To the extent a response is required, ACG denies the allegations contained in Paragraph 4 of the Complaint.

5. Paragraph 5 asserts legal conclusions that do not require a response. To the extent a response is required, ACG denies that it failed its duties and denies the remaining allegations contained in Paragraph 5 of the Complaint for lack of information sufficient to justify a belief therein.

6. ACG admits that during his employment with ACG Plaintiff Regis Murphy ("Murphy") received health benefits from Blue Cross BlueShield Michigan. ACG denies any remaining allegations contained in Paragraph 6 of the Complaint.

7. Paragraph 7 asserts legal conclusions that do not require a response. ACG admits that Plaintiff was terminated on May 16, 2023, and his ACG employer sponsored health insurance coverage ended on May 31, 2023. ACG denies that it failed its duties and denies the remaining allegations contained in Paragraph 7 of the Complaint for lack of information sufficient to justify a belief therein.

8. Paragraph 8 asserts legal conclusions that do not require a response. To the extent a response is required, ACG submits that the written material cited is the best evidence of its contents and denies any characterization contrary to the terms of that written material. ACG denies the remaining allegations contained in Paragraph 8 of the Complaint.

9. Paragraph 9 asserts legal conclusions that do not require a response. To the extent a response is required, ACG submits that the written material cited is the best evidence of its contents and denies any characterization contrary to the terms of that written material. ACG denies the remaining allegations contained in Paragraph 9 of the Complaint.

10. Paragraph 10 sets forth assertions and assumptions neither related nor directed to ACG herein and therefore do not require a response. To the extent a response is required, ACG submits that the written material cited is the best evidence of its contents and denies any characterization contrary to the terms of that written material. ACG denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. The allegations contained in Paragraph 11 assert legal conclusions that do not require a response. To the extent a response is required, ACG denies the allegations contained in Paragraph 11.

## II. JURISDICTION AND VENUE

12. ACG denies that this Court has subject matter jurisdiction over certain claims and relief because Plaintiff lacks standing to bring certain claims or seek such relief.

13. ACG admits that this Court has personal jurisdiction over ACG. ACG denies the remaining allegations in Paragraph 13 of the Complaint.

14. ACG admits that venue is proper in this District but denies the remaining allegations contained in Paragraph 14 of the Complaint.

15. ACG admits that Murphy was a participant/beneficiary in health benefit plans sponsored by ACG until his termination on May 16, 2023. ACG also admits Plaintiff was not terminated for gross misconduct. The remaining allegations in Paragraph 15 assert legal conclusions that require no response. To the extent a response is required, ACG denies the remaining allegations contained in Paragraph 15 of the Complaint.

### III. THE PARTIES

#### A. Plaintiff

16. Defendants admit Murphy was employed with ACG from June 2021 to May 16, 2023. Defendants further admit, to the best of their knowledge, Murphy resided in Marion, Iowa at some point in time during the Class Period. Defendants deny any remaining allegations contained in Paragraph 16 of the Complaint for lack of information sufficient to justify a belief therein.

#### B. Defendants

17. Defendants admit the allegations contained in Paragraph 17 of the Complaint.

18. Paragraph 18 sets forth assertions and assumptions neither related nor directed to ACG herein and therefore do not require a response. To the extent a response is required Defendants admit that Unify HR is a subsidiary of WEX Inc. that provides employee benefits administration and compliance services. ACG denies the remaining allegations in Paragraph 18 for lack of information sufficient to justify a belief therein.

### IV. FACTUAL ALLEGATIONS

#### A. COBRA Notice Requirements

19. Paragraph 19 sets forth assertions and assumptions neither related nor directed to AGC herein and therefore do not require a response. Further, the allegations contained in

Paragraph 19 assert legal conclusions that do not require a response. To the extent a response is required, ACG denies the allegations contained in Paragraph 19 of the Complaint.

20. Paragraph 20 sets forth assertions and assumptions neither related nor directed to AGC herein and therefore do not require a response. Further, the allegations contained in Paragraph 20 assert legal conclusions that do not require a response. To the extent a response is required, ACG submits that the written material cited in Paragraph 20 is the best evidence of its contents and denies any characterization contrary to the terms of that written material. ACG denies the remaining allegations contained in Paragraph 20 of the Complaint.

21. Paragraph 21 sets forth assertions and assumptions neither related nor directed to AGC herein and therefore do not require a response. Further, Paragraph 21 asserts legal conclusions that do not require a response. To the extent a response is required, ACG denies the allegations contained in Paragraph 21 of the Complaint.

22. Paragraph 22 sets forth assertions and assumptions neither related nor directed to AGC herein and therefore do not require a response. Further, Paragraph 22 asserts legal conclusions that do not require a response. To the extent a response is required, ACG submits that the written material cited in Paragraph 22 is the best evidence of its contents and denies any characterization contrary to the terms of that written material. ACG denies the remaining allegations contained in Paragraph 22 of the Complaint.

23. Paragraph 23 sets forth assertions and assumptions neither related nor directed to AGC herein and therefore do not require a response. Further, Paragraph 23 asserts legal conclusions that do not require a response. To the extent a response is required, ACG submits that the written material cited in Paragraph 23 is the best evidence of its contents and denies any

characterization contrary to the terms of that written material. ACG denies the remaining allegations contained in Paragraph 23 of the Complaint.

24. Paragraph 24 sets forth assertions and assumptions neither related nor directed to AGC herein and therefore do not require a response. Further, Paragraph 24 asserts legal conclusions that do not require a response. To the extent a response is required, ACG submits that the written material cited in Paragraph 24 and Exhibit B are the best evidence of their contents and denies any characterization contrary to the terms of that written material. ACG denies the remaining allegations contained in Paragraph 24 of the Complaint.

25. Paragraph 25 sets forth assertions and assumptions neither related nor directed to AGC herein and therefore do not require a response Further, Paragraph 25 asserts legal conclusions that do not require a response. To the extent a response is required, ACG submits that the written material cited in Paragraph 25 is the best evidence of its contents and denies any characterization contrary to the terms of that written material. ACG denies the remaining allegations contained in Paragraph 25 of the Complaint.

26. Paragraph 26 sets forth assertions and assumptions neither related nor directed to AGC herein and therefore do not require a response Further, Paragraph 26 asserts legal conclusions that do not require a response. To the extent a response is required, ACG submits that the written material cited in Paragraph 26 is the best evidence of its contents and denies any characterization contrary to the terms of that written material. ACG denies the remaining allegations contained in Paragraph 26.

B. **Defendants Have Failed to Comply with COBRA**

ACG denies the allegations contained in Header IV.B of the Complaint.

27. Paragraph 27 asserts legal conclusions that do not require a response. To the extent a response is required, ACG denies the allegations contained in Paragraph 27 of the Complaint.

28. Paragraph 28 sets forth assertions and assumptions neither related nor directed to AGC herein and therefore do not require a response. Further, Paragraph 28 asserts legal conclusions that do not require a response. To the extent a response is required, ACG submits that the written material cited in Paragraph 28 is the best evidence of its contents and denies any characterization contrary to the terms of that written material. ACG denies the remaining allegations contained in Paragraph 28 of the Complaint.

29. Paragraph 29 asserts legal conclusions that do not require a response. To the extent a response is required, ACG denies the allegations contained in Paragraph 29 of the Complaint.

30. The allegations contained in Paragraph 30 assert legal conclusions and unsupported conclusory allegations that do not require a response. To the extent a response is required, ACG denies the allegations contained in Paragraph 30 of the Complaint for lack of information sufficient to justify a belief therein.

31. Paragraph 31 sets forth assertions and assumptions neither related nor directed to AGC herein and therefore do not require a response. Further, Paragraph 31 asserts legal conclusions that do not require a response. To the extent a response is required, ACG denies the allegations contained in Paragraph 31 of the Complaint.

32. Paragraph 32 asserts legal conclusions that do not require a response. To the extent a response is required, ACG denies the allegations contained in Paragraph 32 of the Complaint.

33. Paragraph 33 asserts legal conclusions that do not require a response. To the extent a response is required, ACG denies that it failed its duties and denies the remaining allegations in Paragraph 33 of the Complaint for lack of information sufficient to justify a belief therein.

34. Paragraph 34 asserts legal conclusions that do not require a response. To the extent a response is required, ACG denies the allegations contained in Paragraph 34 of the Complaint for lack of information sufficient to justify a belief therein.

35. Paragraph 35 asserts legal conclusions that do not require a response. To the extent a response is required, ACG denies the allegations contained in Paragraph 35 of the Complaint.

36. Paragraph 36 asserts legal conclusions that do not require a response. To the extent a response is required, ACG denies allegations contained in Paragraph 36 of the Complaint for lack of information sufficient to justify a belief therein.

37. Paragraph 37 asserts legal conclusions that do not require a response. To the extent a response is required, ACG denies the allegations contained in Paragraph 37 of the Complaint for lack of information sufficient to justify a belief therein.

38. Paragraph 38 asserts legal conclusions that do not require a response. To the extent a response is required, ACG denies the allegations contained in Paragraph 38 of the Complaint for lack of information sufficient to justify a belief therein.

39. ACG denies the allegations contained in Paragraph 39 of the Complaint for lack of information sufficient to justify a belief therein.

## V.     CLASS ALLEGATIONS

40. ACG admits that Plaintiff purports to bring this action on behalf of himself and the putative class, as defined in Paragraph 40, but denies that class certification is proper. ACG denies the remaining allegations contained in Paragraph 40 of the Complaint.

41. The allegations contained in Paragraph 41 assert legal conclusions that do not require a response. To the extent a response is required, ACG denies the allegations contained in Paragraph 41 of the Complaint.

42. Paragraph 42 asserts legal conclusions that do not require a response. To the extent a response is required, ACG denies that class certification is proper and denies the remaining allegations contained in Paragraph 42 of the Complaint.

43. Paragraph 43 asserts legal conclusions that do not require a response. To the extent a response is required, ACG denies that class certification is proper and denies the remaining allegations contained in Paragraph 43 of the Complaint.

44. Paragraph 44 asserts legal conclusions that do not require a response. To the extent a response is required, ACG denies that class certification is proper and denies the remaining allegations contained in Paragraph 44 of the Complaint.

45. Paragraph 45, including each subpart, asserts legal conclusions that do not require a response. To the extent a response is required, ACG denies that class certification is proper and denies the remaining allegations contained in Paragraph 45 of the Complaint and each subpart.

46. Paragraph 46 asserts legal conclusions that do not require a response. To the extent a response is required, ACG denies that class certification is proper and denies the remaining allegations contained in Paragraph 46 of the Complaint.

47. Paragraph 47 asserts legal conclusions that do not require a response. To the extent a response is required, ACG denies the allegations contained in Paragraph 46 of the Complaint.

## CLAIM FOR RELIEF
**Violation of 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4**

48. ACG incorporates by reference their responses to the allegations of all previous paragraphs of the Complaint as if fully set forth herein.

49. ACG admits the allegations contained in Paragraph 49 of the Complaint.

50. Paragraph 50 asserts legal conclusions that do not require a response. To the extent a response is required, ACG denies the allegations contained in Paragraph 50 of the Complaint as written.

51. Paragraph 51 asserts legal conclusions that do not require a response. To the extent a response is required, ACG denies that a class exists. ACG denies the remaining allegations in Paragraph 51 of the Complaint for lack of information sufficient to justify a belief therein.

52. The allegations contained in Paragraph 52 assert legal conclusions that do not require a response. To the extent a response is required, ACG denies the allegations contained in Paragraph 52 of the Complaint.

53. Paragraph 53 asserts legal conclusions that do not require a response. To the extent a response is required, ACG denies the allegations contained in Paragraph 53 of the Complaint.

54. Paragraph 54 asserts legal conclusions that do not require a response. To the extent a response is required, ACG denies the allegations contained in Paragraph 54 of the Complaint.

55. Paragraph 55 asserts legal conclusions that do not require a response. To the extent a response is required, ACG denies the allegations contained in Paragraph 53 of the Complaint.

56. The allegations contained in Paragraph 56 assert legal conclusions that do not require a response. To the extent a response is required, ACG denies the allegations contained in Paragraph 56 of the Complaint.

## **PRAYER FOR RELIEF**

ACG denies the allegations set forth in the Prayer for Relief, including every subpart, and deny that Plaintiff or the putative class are entitled to any of the relief sought in the Prayer for Relief.

Except as expressly admitted above, ACG denies each and every allegation contained in the Complaint that were not previously expressly admitted or denied and denies liability to Plaintiff.

## DEMAND FOR JURY TRIAL

ACG denies that Plaintiff or the putative class are entitled to a jury trial.

## AFFIRMATIVE AND OTHER DEFENSES

ACG advances the following defenses to the Complaint. The defenses asserted below will apply, or will not apply, in varying degrees to members of the putative class including Plaintiff, depending upon the particular factual circumstances of each individual member of the putative class. By setting forth these defenses, ACG does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter that is relevant to Plaintiff's allegations.

1. The Complaint fails to state a claim upon which relief against ACG can be granted.

2. Plaintiff's claims are barred on the grounds that they lack standing under Article III of the U.S. Constitution.

3. Plaintiff's claims are barred in whole or in part, on the grounds that ACG complied with all statutes, regulations, or other laws in effect at the time of the conduct alleged in the Complaint, including ERISA.

4. Any loss, damage or injury sustained by Plaintiff and the putative class members were not directly or proximately caused by ACG, but by other persons or entities for whom or for which ACG are not responsible.

5. At all relevant times, ACG acted in full compliance with the terms and provisions of the applicable plan, as well as the requirements and standards of ERISA and COBRA.

6. Plaintiff's claims, and/or the claims of any other members of the putative class, against any or all Defendants are barred because Plaintiff or putative class members executed a waiver or release.

7. Plaintiff or putative class members proximately caused, contributed to, and/or failed to mitigate any and all harm and/or loss claimed.

8. Plaintiff's claims are barred by the doctrine of laches, waiver, and/or estoppel.

9. Plaintiff's claims are barred in whole or in part because ACG does not have responsibility for some or all of the acts that form the basis of Plaintiff's claims.

10. Plaintiffs are not entitled to certification of this action as a class action because they cannot satisfy the requirements of Federal Rule of Civil Procedure 23.

## **RESERVATION OF RIGHTS**

Defendant The Auto Club Group hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during pre-trial proceedings in this case and hereby reserves all rights to amend its answer to assert such defenses.

## **DEMAND FOR JUDGMENT**

WHEREFORE, Defendant The Auto Club Group prays for judgment as follows:

1. That Plaintiff takes nothing by the Complaint;
2. That the Complaint, and each cause of action therein, be dismissed with prejudice;
3. That Defendants be awarded their costs of suit, including attorneys' fees; and
4. That the Court award such other relief as it deems just and appropriate.

Dated: July 12, 2024

                                        Respectfully submitted,

                                        JACKSON LEWIS P.C.

                                        By:   */s/ John S. Gilliam*
                                                  John S. Gilliam (P81421)
                                                  Attorney for Defendant
                                                  2000 Town Center, Suite 1650
                                                  Southfield, Michigan 48075
                                                  (248) 936-1900
                                                  John.Gilliam@jacksonlewis.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on July 12, 2024, he or his assistant did file this document using the CM/ECF system which will send notice of its filing to all counsel of record.

                                                  */s/ John S. Gilliam*
                                                  John S. Gilliam