# Exhibit A
## Proposed Order

THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**REGIS MURPHY, individually and on behalf of all others similarly-situated,**

*Plaintiff,*

v.

**THE AUTO CLUB GROUP,**

*Defendant.*

CASE NO.: 5:24-cv-11168-JEL-CI

The Honorable Judith E. Levy

Magistrate Judge Curtis Ivy, Jr.

## [PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

This matter is before the Court on the Plaintiffs' Unopposed Motion for Final Approval of the Parties' Class Action Settlement. The Court has carefully considered the Motion, the proposed Class Action Settlement Agreement and Release (the "Agreement"), and the Declarations submitted in support of the Motion. Being fully advised in the premises of the proposed Agreement, the Court now finds and hereby **GRANTS** the Motion and **ORDERS** as follows:

1. Terms and phrases in this Final Approval Order shall have the same meaning as ascribed to them in the Agreement.

2. In this Action, Plaintiffs allege that Defendant violated the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the

Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"). Defendant denies Plaintiffs' allegations and is not admitting liability in this case.

3. The Court has jurisdiction over the subject matter of the Action, the Class Representatives, the Settlement Class Members and Defendant, and the Named Plaintiffs have Article III standing for purposes of settlement. Jurisdiction is retained by this Court for matters arising out of the Agreement.

4. This Court now gives final approval to the Agreement, and finds that the Agreement is fair, reasonable, and adequate.

5. The notice provided to the Settlement Class pursuant to the Agreement and Order Granting Motion for Preliminary Approval of Class Action Settlement (Dkt. 27)—including direct notice to the Settlement Class via U.S. mail, based on the comprehensive Settlement Class List provided by Defendant, and the creation of the Settlement Website—constituted the best practicable notice under the circumstances; was reasonably calculated to apprise the Settlement Class of the pendency of the Action, their right to object to or exclude themselves from the Agreement, and their right to appear at the Final Approval Hearing; constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and fully complied with the requirements of Fed. R. Civ. P. 23 and due process, and the rules of the Court.

6. No Settlement Class Member has objected to any of the terms of the Agreement and no requests for exclusion.

7. Thus, this Court now gives final approval to the Agreement. The settlement consideration provided under the Agreement constitutes fair value given in exchange for the release of claims against the Released Parties as described in Section V of the Agreement. The Court finds that the consideration to be paid to the Settlement Class Members is reasonable, and in their best interests, considering the total value of their claims compared to (i) the disputed factual and legal circumstances of the Action, (ii) affirmative defenses asserted in the Action, and (iii) the potential risks and likelihood of success of pursuing litigation on the merits. The complex legal and factual posture of this case, the amount of discovery completed, and the fact that the Settlement is the result of arm's-length negotiations between the Parties support this finding. The Court finds that these facts, in addition to the Court's observations throughout the litigation, demonstrate that there was no collusion present in the reaching of the Agreement, implicit or otherwise.

8. The Court finds that the Class Representative and Class Counsel adequately represented the Settlement Class for the purposes of litigating this matter and entering into and implementing the Agreement.

9. The Court further finds that, for settlement purposes only, the Settlement Class meets the criteria for certification under Federal Rules of Civil

Procedure 23(a) and 23(b)(3).  Prosecuting separate actions by individual Settlement Class Members would create a risk of inconsistent or varying adjudications with respect to individual Settlement Class Members that would establish incompatible standards of conduct for Defendant, and would create a risk of adjudications with respect to individual Settlement Class Members that, as a practical matter, would be dispositive of the interests of other Settlement Class Members and would substantially impair or impede their ability to protect their interests.

10. Pursuant to Federal Rule of Civil Procedure 23, the Court certifies, for settlement purposes only, on a final basis, the following Settlement Class:

> "All participants and beneficiaries in the Plan who were not provided with a timely and compliant COBRA Continuation Coverage Election Notice by Defendant as a result of a qualifying event that occurred within the applicable statute of limitations period, as determined by Defendant's records, and did not elect continuation coverage (the "Settlement Class")."

11. Luis A. Cabassa and Brandon J. Hill from Wenzel, Fenton, Cabassa, P.A., along with Eric Lechtzin of Edelson Lechtzin, LLP, shall remain and continue serving as Class Counsel for the Settlement Class.

12. Named Plaintiff, Regis Murphy, shall remain and continue serving as Class Representative for the Settlement Class.

13. Class Counsel's request for attorneys' fees in the amount of one-third of the Settlement Fund ($333,000) is granted.  Additionally, Class Counsel is awarded reasonable litigation costs totaling $7,020.17.

14. Class Representative Regis Murphy is granted a Service Award totaling $10,000.

15. The Parties are hereby directed to implement the Agreement according to its terms and provisions. The Agreement is hereby incorporated into this Final Approval Order in full and shall have the full force of an Order of this Court.

16. The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications and expansions of the Agreement and its implementing documents (including all exhibits to the Agreement) so long as they are consistent in all material respects with this Final Approval Order and do not limit the rights of Settlement Class Members.

17. Without affecting the finality of this Final Approval Order for purposes of appeal, the Court shall retain jurisdiction over all matters relating to administration, consummation, enforcement, and interpretation of the Agreement and this Final Approval Order, and for any other necessary purpose.

18. This Court hereby directs entry of this Final Approval Order pursuant to Federal Rule of Civil Procedure 58 based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Approval Order.

DONE and ORDERED this _____ day of December, 2025.

_____
UNITED STATES DISTRICT JUDGE

                                                    The Honorable Judith E. Levy

Copies to:
Counsel of Record